**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CARROLL GARRETT**                                                                      **PLAINTIFF**

**v.**                                         **NO.  4:07-CV-00065 GTE**

**HARTFORD LIFE & ACCIDENT**
**INSURANCE COMPANY**                                                 **DEFENDANT**

## ORDER

Before the Court is Plaintiff's Motion for Limited Discovery and to Stay.  Plaintiff seeks permission to conduct limited discovery, including a 30(b)(6) deposition of the decision-maker. Defendant objects to this request.  The Defendant has made representations to the Court that suggest that there was no palpable conflict of interest or serious procedural irregularity in this particular case.

For the same reasons articulated by Judge Holmes in *Faulkner v. Metropolitan Life Insurance Co.*, Case No. 4:05-cv-01313 JLH (Order filed December 5, 2005, Docket No. 10) and by this Court in *Westbrook v. Georgia Pacific Corp.*, Case No. 4:05-cv-1331 GTE (Order filed September 26, 2006, Docket No. 28), the Court denies Plaintiff's request for limited discovery except to the extent that Plaintiff seeks information covered by 29 C.F.R. § 2560.503-1.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff Carroll Garrett's Motion for Limited Discovery (Docket No. 6) be, and it is hereby, DENIED except to the limited extent stated

herein.[1]

IT IS FURTHER ORDERED THAT Plaintiff Carroll Garrett's Motion to Stay Briefing Schedule be, and it is hereby, DENIED IN PART AND GRANTED IN PART.  The Court recognizes that the parties may need additional time to comply with the Court's Scheduling Order entered on March 30, 2007, even though Plaintiff will not be permitted to conduct the requested discovery.  A modified Scheduling Order will be entered simultaneously herewith.[2]

IT IS SO ORDERED this 31st  day of May, 2007.

      /s/ Garnett Thomas Eisele
     UNITED STATES DISTRICT JUDGE

---

[1] Presumably, any information covered by applicable regulations and not previously produced would simply be provided to Plaintiff without the need for formal discovery.

[2] The Amended Scheduling Order reflects a change in the Court's practice.  The Court previously required simultaneous filings, but is now requiring the Plaintiff, as the moving party, to file his brief first.