IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARROLL GARRETT                                                                                           PLAINTIFF

v.                                                   No. 4:07CV00065 JLH

THE HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                                                     DEFENDANT

## OPINION AND ORDER

Carroll Garrett brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against The Hartford Life and Accident Insurance Company. Garrett seeks an order compelling Hartford to produce its entire claims manual, as well as an order allowing Garrett to conduct other discovery including depositions. For the following reasons, Garrett's motion is denied.

Garrett claims he is entitled to Hartford's entire claims manual under "applicable federal regulations." According to 29 C.F.R. § 2560.503-1, Hartford must provide Garrett access to all documents "relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(j)(3) (2006). A document is relevant if it

> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8). Specifically, Garrett claims subsection iv entitles him to access to Hartford's entire claims manual, as it requires production of documents whether or not they were

"relied upon in making the benefit determination." *Id*. However, as noted by Hartford, that clause is qualified by its predecessor, which only requires the administrator to provide documents that "constitute[] a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit *for the claimant's diagnosis* . . . ." *Id*. (emphasis added). Hartford's entire claims manual is not a statement of policy or guidance regarding a claimant's diagnosis of a frozen shoulder, which no party disputes is Garrett's diagnosis. The fact that Hartford has no specific statement of policy or guidance on frozen shoulders does not cause the remainder of its policy or guidelines to be any more relevant to Garrett's claim than it would be otherwise. The entirety of Hartford's claims manual is not "relevant" to Garrett's claim as that term is defined by federal regulations or by any other definition. Garrett's request for an order compelling Hartford to produce its entire claims manual is therefore denied.

Garrett also seeks an order allowing him to depose Dr. Raymond Peeples, a doctor who performed an independent medical exam on Garrett, and Judy Kocsis, a Registered Nurse employed by North American Medical Evaluations, Inc. The basis for this request is a fax exchanged between Dr. Peeples and Kocsis, which Garrett claims constitutes "evidence of communication outside of the administrative record between Hartford's reviewing physician and Hartford's coordinator about Plaintiff's limitation." As noted by Hartford, neither Peeples nor Kocsis is employed by Hartford, and Garrett has presented no evidence of communication between Hartford and any outside entity that is not reflected in the record. The fax is merely one medical professional seeking clarification of a claimant's limitations from another.

When, as here, a plan grants an administrator discretion, the district court reviews the administrator's decision for an abuse of discretion. *Farley v. Arkansas Blue Cross and Blue Shield*, 147 F.3d 774, 776 (8th Cir. 1998). In such cases, additional discovery at the district court level is

"ruled out." *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). For a district court to change the standard of review and allow discovery, the plaintiff "must present material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty" to the plaintiff. *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998). At the very least, the plaintiff must show "good cause" to conduct additional discovery. *Brown*, 140 F.3d at 1200. Here, the plaintiff has provided neither cause nor evidence indicating that a palpable conflict of interest or a serious procedural irregularity might exist. Garrett's request seeking additional discovery is therefore denied.

## CONCLUSION

Garrett's motion to compel Hartford to produce its entire claims manual, as well as an order allowing Garrett to depose Dr. Raymond Peeples and Judy Kocsis is DENIED.

Plaintiff's brief must be filed on or before August 20, 2007. Defendant's brief must be filed within fourteen (14) days after plaintiff's brief is filed. Plaintiff's reply brief, if any, must be filed within seven (7) days thereafter.

IT IS SO ORDERED this 6th day of August, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE